PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | ) | |
| | ) | CASE NO.  4:12CV0923 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHAEL PUGH, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 8] |

This matter is before the Court on *pro se* Plaintiff Alejandro Hernandez's "Objection to Memorandum of Opinion and Order" (ECF No. 8).  For the following reasons, Plaintiff's "Objection" is denied.

## I.  Background

Plaintiff Alejandro Hernandez is a federal inmate incarcerated at Northeast Ohio Correctional Center ("NEOCC"), a prison owned and operated by Corrections Corporation of America ("CCA") in Youngstown, Ohio.  On April 17, 2012, he filed a Complaint (ECF No. 1) in this Court against CCA, NEOCC, and NEOCC Warden Michael Pugh alleging a variety of constitutional claims, including equal protection, conditions of confinement, excessive force, retaliation, and due process.  He also alleged a claim under the Alien Tort Claims Act, 28 U.S.C. § 1350.

The Complaint (ECF No. 1) did not provide a coherent set of facts but, rather, listed a series of claims regarding his alleged treatment at NEOCC.  For example, Plaintiff claimed the

(4:12CV0923)

prison was locked down "only for rumor." ECF No. 1 at 4.  He claimed Defendant Pugh and an

entity he described as "'CO' partnership" repeatedly told him that "foreign or criminal Alien[s]"

have no rights in a private prison. ECF No. 1 at 4, 6.  He maintained "the commissary price is

very higher not control price" and fraudulent. ECF No. 1 at 5, 7.  He stated that all food served

at NEOCC is of poor nutritional quality. ECF No. 1 at 7.  Plaintiff also stated that "Federal

inmates taxpayer seriously violation U.S. Constitution." ECF No. 1 at 5.  He claimed generally

he had been subjected to "racial discrimination and racial segregation by prison authorities."

ECF No. 1 at 6.  He asserted that he had the right to petition CCA and NEOCC for redress of his

grievances. ECF No. 1 at 6.

Plaintiff also claimed generally his due process and equal protection rights had been

violated. ECF No. 1 at 5.  He stated prison authorities retaliated against him for exercising his

rights under the Constitution. ECF No. 1 at 4.  He asserted violations of the First, Fifth, Eighth,

Thirteenth, Fourteenth, and Fifteenth Amendments. ECF No. 1 at 4-6.  Finally, he asserted a

claim under the Alien Tort Claims Act, 28 U.S.C. § 1350, against Defendant Pugh and the "CO"

Partnership for "violation of the law of Nations or a treaty of the United States." ECF No. 1 at 5.

Plaintiff attached a document to his Complaint (ECF No. 1) entitled "'Notice *Pro Se*'

Invoke 42 U.S.C.S. § 1983 Emergency Motion." ECF No. 1-1.  In this Notice, Plaintiff restated

the claims set forth above and also alleged several additional claims.  He claimed summarily that

Defendant Pugh used excessive force on Plaintiff. ECF No. 1-1 at 1.  He asserted Defendant

Pugh and the "CO" Partnership retaliated against him for filing a civil rights lawsuit by denying

him access to the law library. ECF No. 1-1 at 1-2.  He further claimed  "MR. Pugh-warden

2

(4:12CV0923)

defendant and 'CO' partnership they said in quantum language whether the inmate need the

prison open need to fine pays via commissary buying, that happen in March 21, 2012."  ECF No.

1-1 at 2.  With regard to his claims of alleged federal taxpayer violations, Plaintiff stated as

follows:

> The plaintiff claimant that, MR. Pugh warden violated Federal code and still
> same violation, not Federal inmate can't taxpayer for use phone, the prevailing
> party in tax proceeding, other than the United States or any creditor of
> taxpayer involved may recoup reasonable litigation costs, including attorney's
> fee.  Cash-basis taxpayer could not possible owe taxe[s] on income never
> received.

ECF No. 1-1 at 2.  Plaintiff claimed Defendant Pugh denied him the right to ask for gymnasium

equipment on the grounds that Plaintiff is a "criminal alien."  ECF No. 1-1 at 2.  He also

appeared to assert that Defendant Pugh required Plaintiff to pay higher prices in the commissary

due to his status as an alien.  ECF No. 1-1 at 2.

When Plaintiff filed his complaint, he failed to either pay the full filing fee of $350.00 or

submit a financial application seeking *in forma pauperis* status.  On April 25, 2012, the Court

ordered Plaintiff to either pay the full filing fee or submit the required financial application.  ECF

No. 2.  On May 14, 2012, Plaintiff submitted a financial application and prisoner account

statement per the Court's Order.  ECF No. 3.  Several weeks later, on June 8, 2012, Plaintiff filed

a "Petition for Writ Habeas Corpus Pursuant to Rule 4 and Local Civil Rule 4.2," which was

docketed as a Motion for Relief pursuant to Rule 4 and Local Civil Rule 4.2.  ECF No. 4.

Plaintiff submitted a $5.00 partial filing fee with his Petition, which was returned to him by the

Clerk's Office.

3

(4:12CV0923)

On December 10, 2012, the Court dismissed Plaintiff's action pursuant to 28 U.S.C. § 1915(e). ECF No. 6. The Court dismissed CCA and NEOCC on the grounds that they were not proper parties to this action pursuant to *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001). ECF No. 6 at 5-6. The Court then dismissed Plaintiff's claim under the Alien Tort Claims Act, 28 U.S.C. § 1350, on the grounds that he had failed to sufficiently plead either the factual or legal basis of his claim. ECF No. 6 at 6-9. With respect to Plaintiff's constitutional claims, the Court found that Plaintiff had failed to adequately plead the elements of his equal protection, Eighth Amendment, retaliation, or due process claims. ECF No. 6 at 11-23. Finally, the Court dismissed Plaintiff's claim regarding alleged federal tax violations stemming from his use of the telephone on the grounds that the Complaint (ECF No. 1) failed to adequately set forth either the factual or legal basis of this claim. ECF No. 6 at 24-25.

On the same date, the Court also issued an Order (ECF No. 5) granting Plaintiff's request for permission to proceed *in forma pauperis* (ECF No. 3) and ordering that an initial partial fee in the amount of $24.82 be deducted from Plaintiff's prisoner account.

On January 11, 2013, Plaintiff filed the within "Objection to Memorandum of Opinion and Order" (ECF No. 8) seeking reconsideration of the Court's dismissal of his action pursuant to Fed. R. Civ. P. 59(e). It is this document that is currently before the Court.

## II. Analysis

The Federal Rules of Civil Procedure do not recognize an "Objection" to a district court's order of dismissal. As Plaintiff is essentially asking the Court to reconsider its previous decision,

(4:12CV0923)

and his "Objection" references Fed. R. Civ. P. 59(e), the Court construes his January 11, 2013

*pro se* filing as a Motion to Alter or Amend pursuant to Rule 59(e).

Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment. *See Huff v.*

*Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is

"to allow the district court to correct its own errors, sparing the parties and appellate courts the

burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th

Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to

amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an

intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp.*

*v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new

arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also*

*Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste.*

*Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule

59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'"

*Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). The grant or denial

of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at

122; 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d

ed.).

Plaintiff's "Objection" (ECF No. 8) raises a litany of complaints about the Court's

December 10, 2012 decision. He states the Court erred in dismissing his claims regarding

(4:12CV0923)

allegedly inflated commissary prices and Defendant Pugh's decision to lockdown the prison,

arguing that Defendant Pugh "blackmailed" inmates in order to force them to continue buying

from the prison commissary.  He claims he has Article III standing to raise claims under the

Establishment Clause.  He complains again about the "extreme inferior nutritional quality and the

inadequate quantity of the food being served" at NEOCC.  ECF No. 8 at 3.  He asserts the Court

should have granted him leave to amend the Complaint (ECF No. 1) before *sua sponte*

dismissing this action.  Finally, he claims the Court abused its discretion in requiring him to pay

the $350 filing fee.

 Plaintiff's "Objection" (ECF No. 8) is denied.  None of the arguments raised by Plaintiff

in his "Objection" identify either a clear error of law, newly discovered evidence, or an

intervening change in controlling law that would necessitate reconsideration of the Court's

December 10, 2012 decision.  With respect to his claim regarding Defendant Pugh's decision to

"lockdown" NEOCC, Plaintiff now appears to argue that Defendant Pugh locked down the

prison in order to "blackmail" Plaintiff and the other inmates into purchasing goods from the

commissary.  In support of this argument, Plaintiff attaches "News Bulletins" (ECF Nos. 8-1,

8-2, and 8-3) from Defendant Pugh to the inmates at NEOCC which appear to indicate that his

decision to impose a lockdown was based on his concern that certain inmates had been

pressuring others to boycott the commissary.  The Court notes that these "News Bulletins" are

dated March 16, 2012, March 20, 2012, and March 21, 2012.  As the Complaint (ECF No. 1) was

filed on April 17, 2012, these "News Bulletins" do not constitute "newly discovered evidence"

for purposes of Rule 59(e).  Plaintiff does not provide any explanation in his "Objection" (ECF

(4:12CV0923)

No. 8) as to why he could not have attached these documents to the Complaint (ECF No. 1).

Because "Rule 59(e) motions cannot be used to present new arguments that could have been

raised prior to judgment," *Howard*, 533 F.3d at 475, the Court finds Plaintiff has not identified a

basis for reconsideration of his "lockdown" or commissary claims.

Plaintiff's argument that he has standing to raise claims under the Establishment Clause is

also without merit.  The Complaint (ECF No. 1) does not clearly plead any Establishment Clause

claims and Plaintiff does not explain the nature of any such claims in his "Objection" (ECF No.

8).  Similarly, Plaintiff fails to present any basis under Rule 59(e) to alter this Court's decision

regarding the allegedly inferior quality and quantity of food served at NEOCC.  Plaintiff does not

present any newly discovered evidence or point to any legal error that would warrant

reconsideration of the Court's dismissal of these claims.

Plaintiff also argues the Court should have allowed him to amend the Complaint (ECF

No. 1) prior to dismissal.  A district court has no obligation to either notify a plaintiff  in advance

of its intent to *sua sponte* dismiss a case under 28 U.S.C. § 1915(e) or to allow a plaintiff to

amend the complaint to cure its defects.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th

Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).  Indeed, the Sixth

Circuit has explicitly held that the Prison Litigation Reform Act ("PLRA") prohibits district

courts from giving prisoner-plaintiffs the opportunity to cure defects contained in their

complaints if the defects warrant dismissal.  *See McGore*, 114 F.3d at 612 (holding that under the

PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua

sponte dismissal"); *see also Davis v. Mays*, 471 Fed.Appx. 484, 485 (6th Cir. 2012) ("A district

(4:12CV0923)

court has no discretion to allow amendment of a complaint to avoid the dismissal of a case under the [PLRA]"); *Woods v. Crockett-Harris*, No. 2:12-cv-00231, 2012 WL 5877419, at *2-3 (S.D. Ohio Nov. 20, 2012) (same).  Accordingly, this argument is without merit.

Finally, Plaintiff argues the Court abused its discretion when it deducted money from his prisoner account towards the $350.00 filing fee.  ECF No. 8 at 4.  The Court rejects this argument.  As the Court explained in its December 10, 2012 decision, the Complaint (ECF No. 1) in the instant case raised constitutional challenges to the conditions of Plaintiff's confinement at NEOCC and sought monetary damages.  ECF No. 6 at 1, 25-27.  As such, it is considered a civil rights matter and is subject to the Court's $350.00 filing fee pursuant to 28 U.S.C. § 1914(a).  Pursuant to 28 U.S.C. § 1915(a), a court may authorize  the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty.  As the Court expressly noted, however, prisoners such as Plaintiff herein become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint.  28 U.S.C. § 1915(b); *McGore*, 114 F.3d at 604.  When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.  *Id.*

In the instant case, Plaintiff filed an Affidavit and Financial Application (ECF No. 3) on May 14, 2012, requesting that he be permitted to proceed without being required to pre-pay the entire filing fee.  In an Order (hereinafter "IFP Order") (ECF No. 5) filed contemporaneously with its December 10, 2012 decision, the Court granted Plaintiff's request to proceed *in forma*

(4:12CV0923)

*pauperis* and required that partial filing fees be periodically deducted from Plaintiff's prisoner

account until the full fee has been paid.

The deduction of $24.82 from Plaintiff's prisoner account was made pursuant to the

Court's IFP Order (ECF No. 5). As set forth above, the authority of the Court to order this

deduction is well-established under federal law. *See* 28 U.S.C. § 1915(b); *McGore*, 114 F.3d at

601. Plaintiff's argument that the deduction of this money constitutes an abuse of discretion is

not well-taken.

### III.  Conclusion

Accordingly, for all the reasons set forth above, Plaintiff's "Objection to Memorandum of

Opinion and Order" (ECF No. 8) is denied.


 April 29, 2013                                       */s/ Benita Y. Pearson*
Date                                                 Benita Y. Pearson
                                                     United States District Judge

9